**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FARHAN RASOOL, ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNION CITY, ET AL.**<br><br>Defendants. | CASE NO. 4:21-cv-06510-YGR<br><br>**ORDER RE: MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; SETTING COMPLIANCE DEADLINE**<br><br>Dkt. Nos. 6, 18, 26 |

Presently pending before the Court is Magistrate Judge Kandis A. Westmore's Report and Recommendation to Dismiss Case for Failure to Prosecute ("Report"). (Dkt. No. 18.) Plaintiffs Farhan Rasool and Mehwish Khalid have filed a timely objection to the Report and Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge. (Dkt. Nos. 25, 26.)

Having carefully considered the Report (Dkt. No. 18), the Objections to the Report (Dkt. No. 25), and the Motion for *De Novo* Determination (Dkt. No. 26), the papers submitted in support of plaintiffs' motion and objections, and the record in the case, for the reasons set forth below, the Court hereby **OVERRULES** plaintiffs' objections **IN PART**, **ADOPTS** the Report **IN PART**, and **SETS** a further compliance deadline.

**I.   BACKGROUND**

In order to expedite the issuance of this ruling, the Court assumes familiarity with the facts and procedural posture of the case. Relevant information is identified in the Court's analysis where it is appropriate.

**II.   LEGAL STANDARD**

A district court judge may refer a matter to a magistrate judge to issue findings of fact and recommendations for the disposition of the matter. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(1); Civ. L.R. 72-3. Within fourteen days of service of the proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). Civil Local Rule 72-3(a), requires that an objection to a magistrate judge's recommendation on a

dispositive matter must be made as a motion for de novo determination specifically identifying the portions of the magistrate judge's findings, recommendations, or report to which objection is made and the reasons and authority therefore. Civ. L.R. 72-3(a).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made." *Id*. De novo review means the Court must consider the matter anew, as if no decision previously had been rendered, and come to its own conclusion about those portions of the magistrate judge's recommendation to which objection is made. *Ness v. Commissioner of Internal Revenue Service*, 954 F.2d 1495, 1497 (9th Cir. 1992). For those portions of the report to which no objection is made, factual findings are reviewed for clear error and legal conclusions are reviewed to determine if they are contrary to law. *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986). The district court may only set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992).

**III.    DISCUSSION**

Magistrate Judge Westmore recommended that defendant Union City's motion to dismiss be granted on the basis that it was unopposed. This recommendation was made after plaintiffs failed to respond to the motion and an order to show cause directing plaintiffs: "1) to file an opposition or statement of non-opposition to the pending motion, and 2) to file a response to this order to show cause explaining why the opposition was not timely filed." (Dkt. No. 15.) Plaintiffs never filed the opposition or a statement of non-opposition. It also appears that plaintiffs never filed a response explaining why the opposition was not timely filed. Curiously, plaintiffs' counsel now explains that they did not file an opposition because plaintiffs agree that Union City bears no responsibility. (Ostoia Decl. ¶ 3.) Counsel has still not explained why plaintiffs failed to file a statement of non-opposition or the requested response to Magistrate Judge Westmore's order to

show cause.  Nevertheless, since there is no dispute that Union City should be dismissed, the Court **ADOPTS** Magistrate Judge Westmore's recommendation as to this defendant.

Plaintiffs' object to Magistrate Judge Westmore's alternative recommendation that the entire case be dismissed for failure to prosecute.  The Court notes plaintiffs' objection fails to comply with Civil Local Rule 72-3(a) which requires that plaintiffs identify the portions of the magistrate judge's findings, recommendations, or report to which objection is made and the reasons and authority therefore.  Specific objections to portions of the order were not made and no authority has been provided to support a modification or reversal of Magistrate Judge Westmore's recommendation.

This Court has still evaluated that recommendation.  Magistrate Judge Westmore's alternative recommendation to dismiss the entire case for failure to prosecute was based on the proper standard.  The report is well reasoned in that the public's interest in expeditious resolution, the court's need to manage its docket, and the possible prejudice to the defendants' resulting from delay all support dismissal.  Plaintiffs' disregard of the order to show cause with no explanation is not condoned.  However, "[b]ecause dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  A "district judge has an obligation to warn the plaintiff that dismissal is imminent." *Id*. at 274.  Here, the order to show cause warned plaintiffs that failure to file an opposition constituted consent to the motion to dismiss the claims against Union City.  No warning appears to have been provided that the entire proceeding was subject to dismissal. "In the absence of indications that . . . warning to counsel that dismissal was imminent," a *sua sponte* dismissal of the entire proceedings is premature.  *Id*.  Moreover, "[p]ublic policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  Therefore, based on the foregoing, and plaintiffs' representation that they will prosecute the case against the remaining defendants, the Court declines to adopt the alternative recommendation to dismiss the entire case and **GRANTS** plaintiffs' Motion for *De Novo* Review in this limited respect.

Plaintiffs are on notice that failure to comply with Court orders and rules may result in sanctions, including the dismissal of the entire case.  To date, it appears that plaintiffs' counsel is

not admitted to practice in the Northern District of California. Civil Local Rule 11-1(a) requires that "[e]xcept as provided in Civil L.R. 11-2, 11-3, and 11-9, and Fed. R. Civ. P. 45(f), an attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District." The Court SETS a compliance deadline of **December 3, 2021 at 9:01 a.m**. Five (5) business days prior to the date of the compliance deadline, plaintiffs' counsel shall file a notice of appearance indicating that the counsel is a member of the bar of this Court. Failure to timely identify counsel that is admitted may result in sanctions, including the dismissal of this case for failure to prosecute.

This Order terminates Docket Numbers 6, 18, and 26.

IT IS SO ORDERED.

Dated: November 19, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE